THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIO WILSON, ) | |
| ) | Civil Action |
|    Plaintiff, ) | No. |
| v. ) | |
| ) | |
| KMH DINING GROUP INC., ) | JURY TRIAL DEMANDED |
| D.B.A. NEWK'S EATERY, ) | |
| ) | |
|    Defendant. ) | |
| ) | |
| _____ | |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Mario Wilson ("Plaintiff"), through undersigned counsel, and files this action against Defendant KMH Dining Group, Inc., D.B.A. Newk's Eatery ("Defendant") and for his Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

minimum wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant. Plaintiff also seeks damages, attorney's fees and costs under the FLSA for Defendant's unlawful retaliation against him. Plaintiff also brings interference and retaliation claims pursuant to the Family Medical Leave Act ("FMLA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia business and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.     Parties and Facts

5.

Plaintiff was employed as a General Manager for Defendant.

6.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA and FMLA.

7.

On or about May 3, 2020, Plaintiff and his wife were tested for COVID-19 after Plaintiff experienced COVID-19 symptoms, including a cough and headaches.

8.

On or about May 4, 2020, Plaintiff learned that another employee working for Defendant with whom Plaintiff had interacted had been exposed to COVID-19 and was experiencing symptoms of the virus.

9.

On or about May 8, 2020, Plaintiff's doctor told him that he should not have returned to work after experiencing COVID-19 symptoms and that he should stop going to work.

10.

Plaintiff notified Defendant's owner that his doctor had told him to quarantine. In response, Plaintiff's boss told him that "it sounds fishy" and asked Plaintiff if he felt or looked sick.

11.

Plaintiff advised Defendant's owner that he would self-quarantine given what his doctor had recommended.

12.

On or about May 10, 2020, Plaintiff went back to the doctor to receive the results of his COVID-19 test.

13.

On or about May 10, Plaintiff was terminated. Defendant's owner told Plaintiff that he was no longer needed and Defendant would hire someone who wanted to work.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Defendant is a covered employer under the FLSA and FMLA.

16.

Defendant is a covered employer under the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and Emergency Paid Sick Leave Act ("EPSLA")

17.

Under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee because the employee is unable to work because the employee needs to care for his son or daughter because the child's school or place of care is closed.

18.

The EFMLEA requires employers to provide expanded paid family and medical leave to eligible employees who are unable to work because the employee is caring for his or her son or daughter whose school or place of care is closed or whose child care provider is unavailable due to a public health emergency.

19.

Defendant's termination of Plaintiff violated the EPSLA, EFMLEA, FLSA and FMLA.

20.

In terminating Plaintiff's employment and failing to provide Plaintiff with leave, Defendant violated the FLSA's minimum wage provisions, interfered with Plaintiff's rights under the FMLA, and retaliated against Plaintiff in violation of the FLSA and FMLA.

21.

Any reason given for Plaintiff's termination is pretext for unlawful violations of the FLSA and FMLA.

22.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

23.

Plaintiff was an eligible employee under the EPSLA and EFMLEA.

24.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and/or 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

## Count I

## Violation of the Minimum Wage Requirement of the Fair Labor Standards Act

25.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

26.

Defendant has violated the minimum wage provisions of the FLSA by failing to provide Plaintiff with two weeks of paid leave when he needed leave to care his son whose school had been closed due to Coronavirus pandemic.

27.

Defendant knew or had reason to know that it was violating the EPSLA and FLSA in terminating Plaintiff's employment and failing to provide Plaintiff with two weeks of paid leave.

28.

Defendant knew or showed reckless disregard for the fact that Defendant failed to pay Plaintiff minimum wage compensation in violation of the FLSA.

29.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid minimum wages, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with this claim.

## Count II

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

30.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

31.

Under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee because the employee is unable to work because the employee needs to care for his son or daughter because the child's school or place of care is closed. An employer who violates the EPSLA's prohibition on discharging such employees is deemed to have violated FLSA's anti-retaliation provisions set forth at Section 15(a)(3) of the FLSA. With respect to such violations, the relevant enforcement provisions of sections 16 and 17 of the FLSA apply.

32.

Defendant terminated Plaintiff's employment because he sought leave to which he was entitled under the EPSLA and FLSA.

33.

Defendant's actions, policies and/or practices as described above violate the EPSLA and FLSA's anti-retaliation provisions.

34.

Defendant knew or showed reckless disregard for the fact its conduct violated the EPSLA and FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

35.

Defendant's violations of the EPSLA and FLSA were willful and in bad faith.

36.

Plaintiff engaged in statutorily protected activity under the EPSLA and FLSA.

37.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate Plaintiff.

38.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which he is entitled to recover from Defendant.

39.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNTS III AND IV

## (FMLA INTERFERENCE AND RETALIATION)

40.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

41.

Defendant is and, at all times relevant, has been an 'employer' as defined by the EFMLEA and FMLA.

42.

Plaintiff was an eligible employee under the EFMLEA and FMLA (as expanded by the EFMLEA).

43.

Plaintiff was employed by Defendant for more than 30 calendar days, prior to his termination and Defendant's denial of EFMLEA/FMLA leave.

44.

Plaintiff had not otherwise exhausted his ordinary available FMLA leave in the 12 months preceding his termiantion and Defendant's denial of EFMLEA/FMLA leave.

45.

For purposes of the EFMLEA, employers are subject to the prohibitions that apply with respect to all FMLA leave, which are set forth at 29 U.S.C. 2615. Specifically, employers are prohibited from interfering with, restraining, or denying an employee's exercise of or attempt to exercise any right under the FMLA, including the EFMLEA.

46.

Plaintiff engaged in protected conduct under the EFMLEA and FMLA, entitling him to all appropriate relief under the statute.

47.

In terminating Plaintiff's employment, denying him paid leave, and failing to restore him to his position, Defendant interfered with Plaintiff's rights protected

under the EFMLA and FMLA, entitling Plaintiff to all appropriate relief under the statute.

48

In terminating Plaintiff's employment, denying him paid leave, and failing to restore him to his position, Defendant retaliated against Plaintiff in violation of the EFMLA and FMLA.

49.

Defendant terminated Plaintiff because of his need for EFMLEA/FMLA protected leave. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

50.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the EFMLEA and FMLA. In so doing, Defendant violated the EFMLEA and FMLA.

51.

As a result of Defendant's actions, Plaintiff has suffered lost wages, liquidated damages, and other losses for which he is entitled to recover. Defendant's violations of the EFMLEA and FMLA were reckless and Plaintiff is entitled to liquidated damages.

52.

Plaintiff is also entitled to job restoration or front pay in lieu thereof, as well as attorneys' fees and litigation expenses.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Special damages and/or liquidated damages for unpaid and lost wages and benefits and prejudgment interest thereon;

(b) Compensatory damages, including emotional distress damages solely as to Plaintiff's EPSLA/FLSA retaliation claim;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues so triable;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) All equitable relief available under the FLSA and FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

This 8th day of July, 2020.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com